Burke, J. (dissenting).
I dissent and vote to reverse. The property in dispute here is specific property consisting of securities presently held by several New York banks for the account of the Zivnostenska Banka and were held by that bank in the New York banks as a custodian for the various private owners. According to the United States State Department, the government of Czechoslovakia acquired title to these securities through Czechoslovak Law No. 128/1946 which provided for escheat where claimants to the property did not file restitution claims within three years. The Zivnostenska Banka then became custodian of these securities for the benefit of the Czechoslovakian government. Apparently, then, there are no claimants to this specific property — indeed the appellant expressly disavows any claim of sovereign immunity in respect to certain securities to which one Grellert asserts title. Surely, neither Stephen (whose complaint was dismissed because of the Statute of Limitations) nor Augstein (who commenced the action under Civ. Prac. Act, *784 § 977-b as a creditor of Zivnostenska Banka and personally recovered only costs) asserts such a claim.
So, as between the receiver, who holds the property under statutory authority for the benefit of the general creditors of all sorts as set forth in section 977-b of the Civil Practice Act, and the Czechoslovakian government, which claims under a prior public act of Czechoslovakia, the efficacy of which is recognized by the executive branch of the Federal Government, charged as it is with the conduct of our foreign relations, the title of the Czechoslovakian government must prevail. In view of United States v. Pink (315 U. S. 203) it must be recognized that State policy must give way in the face of the assertion of a Federal interest in the disposition of litigation affecting foreign relations. In Pink, it was recognition of Russia, plus assignment of Russian claims to the United States Government- here it is a suggestion of immunity together with an established Federal procedure* for devoting Czechoslovakian property to the satisfaction of the claims of United States citizens damaged through Czechoslovakian nationalization decrees. The Federal policy of compensating United States citizens and the fund available for that purpose would be undermined by the application of the New York policy, as applied below, of using the funds in question to compensate creditors generally of Zivnostenska Banka.
The orders appealed from should be reversed.
Order affirmed, etc.

 Public Law 85-604, 72 U. S. Stat. 527, 528, establishes a fund under Treasury Department control for the purpose of compensating United States citizens for property lost through the Czechoslovakian nationalization program.